UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Jose M.,[1]

            Plaintiff,

        v.                                        23-CV-0139-LJV
                                                  DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.

_____

On February 13, 2023, the plaintiff, Jose M. ("Jose"), brought this action under

the Social Security Act ("the Act").  Docket Item 1.  He seeks review of the

determination by the Commissioner of Social Security ("Commissioner") that he was not

disabled.[2]  *Id.*  On May 16, 2023, Jose moved for judgment on the pleadings, Docket

Item 9; on September 11, 2023, the Commissioner responded and cross-moved for

judgment on the pleadings, Docket Item 15; and on September 25, 2023, Jose replied,

Docket Item 17.

_____

[1] To protect the privacy interests of Social Security litigants while maintaining
public access to judicial records, this Court will identify any non-government party in
cases filed under 42 U.S.C. § 405(g) only by first name and last initial.  Standing Order,
Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov.
18, 2020).

[2] Jose applied for both Disability Insurance Benefits ("DIB") and Supplemental
Security Income ("SSI").  One category of persons eligible for DIB includes any adult
with a disability who, based on his quarters of qualifying work, meets the Act's insured-
status requirements.  *See* 42 U.S.C. § 423(c); *Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d
Cir. 1989).  SSI, on the other hand, is paid to a person with a disability who also
demonstrates financial need.  42 U.S.C. § 1382(a).  A qualified individual may receive
both DIB and SSI, and the Social Security Administration uses the same five-step
evaluation process to determine eligibility for both programs.  *See* 20 C.F.R.
§§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

For the reasons that follow, Jose's motion is granted in part and denied in part, the Commissioner's motion is granted, and the matter is remanded for further administrative proceedings.[3]

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*. This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts only if a reasonable fact finder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citation omitted) (emphasis in original);

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

*see McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."). But "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

### I.    THE ALJ'S DECISION

The ALJ found that Jose had not been under a disability from December 3, 2016, his alleged onset date, through November 1, 2022, the date of the decision.  *See* Docket Item 5 at 973.  The ALJ's decision was based on the five-step sequential evaluation process under 20 C.F.R. §§ 404.1520(a) and 416.920(a).  *See id.*

At step one, the ALJ found that Jose had not engaged in substantial gainful activity since December 3, 2016.  *Id.* at 966.  At step two, the ALJ found that Jose suffered from three severe, medically determinable impairments: "pulmonary emboli with deep vein thrombosis, status-post IVC placement and removal surgeries[,] and obesity."  *Id.*

At step three, the ALJ found that Jose's severe, medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See id.* at 967  More specifically, the ALJ found that Jose's physical impairments did not meet or medically equal listing 7.08 (disorders of thrombosis and hemostasis).  *See id.*

3

The ALJ then found that Jose had the residual functional capacity ("RFC")[4] to "perform sedentary work" as defined in 20 C.F.R. § 404.1567(a) and 416.967(a) except that:

> [Jose] can never climb ramps and stairs; never climb ladders, ropes, and scaffolds; never balance; occasionally stoop; never kneel, crouch, or crawl; and should never work at unprotected heights, around moving mechanical parts, or operation of [sic] a motor vehicle. [Jose should have n]o exposure to humidity and wetness; and no exposure to fumes, odors, dusts, poor ventilation, extreme cold, and extreme heat.

*Id.* at 967.

At step four, the ALJ found that Jose no longer could perform any past relevant work. *Id.* at 972. But given Jose's age, education, and RFC, the ALJ found at step five that Jose could perform substantial gainful activity as an order clerk, assembler, and document preparer. *Id.* at 972-973; *see Dictionary of Occupational Titles* 209.567-014, 1991 WL 671794 (Jan. 1, 2016); *id.* at 713.687-018, 1991 WL 679271 (Jan. 1, 2016); *id.* at 209.587-018, 1991 WL 672349 (Jan. 1, 2016). Therefore, the ALJ found that Jose had not been under a disability or entitled to SSI and DIB from December 3, 2016, through November 1, 2022. *See* Docket Item 5 at 973.

---

[4] A claimant's RFC is the most "an individual can still do despite his or her limitations . . . in an ordinary work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*; *see Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

## II.    ALLEGATIONS

Although both sides agree that the ALJ used the incorrect standard to evaluate the opinions of Jose's treating physicians and that remand therefore is warranted, they disagree about the scope of that remand.  Jose argues that the case should be remanded for calculation of benefits: Remand for further administrative proceedings would serve no purpose, he says, because all three medical opinions agreed that Jose had "limitations" that "are disabling."  *See* Docket Item 17 at 2-3; Docket item 9-1 at 18-19.  The Commissioner concedes that the ALJ's "evaluation of the opinion evidence should have been governed by 20 C.F.R. §§ 404.1527 and 416.927," *see* Docket Item 15-1 at 3, but asserts that "remand solely for the calculation of benefits is not appropriate . . . because the record does not establish conclusive proof of disability," *see id.* at 1.[5]  This Court agrees with the Commissioner and remands for further

---

[5] For claims filed after March 27, 2017, the ALJ evaluates medical opinion evidence under the framework in 20 C.F.R. § 416.920c.  For claims such as Jose's filed before March 27, 2017, on the other hand, the "'treating physician' rule," 20 C.F.R. §§ 404.1527 and 416.927, requires "deference to the views of a physician engaged in primary treatment of the claimant."  *Charles W. v. Kijakazi,* 2022 WL 2207183, at *5 (W.D.N.Y. Jun. 21, 2022) (alteration in original) (quoting *Burgess v. Astrue,* 537 F.3d 117, 128-129 (2d Cir. 2008)).  In light of that rule, "Social Security Administration regulations, as well as [Second Circuit] precedent, mandate specific procedures that an ALJ must follow in determining the appropriate weight to assign a treating physician's opinion."  *Estrella v. Berryhill,* 925 F.3d 90, 95 (2d Cir. 2019).

"First, the ALJ must decide whether the opinion is entitled to controlling weight."  *Id.*  "The opinion of a claimant's treating physician as to the nature and severity of an impairment is given controlling weight so long as it is well-supported [sic] by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record."  *Id.* (quoting *Burgess*, 537 F.3d at 128).  "Second, if the ALJ decides the opinion is not entitled to controlling weight, [the ALJ] must determine how much weight, if any, to give it."  *Id.*  "In doing so, [the ALJ] must 'explicitly consider' the following, nonexclusive '*Burgess* factors': '(1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist.'"  *Id.* at 95-96 (quoting *Selian v. Astrue,* 708

administrative proceedings because this is not one of the rare cases where the record "provides persuasive evidence of total disability that [would] render[] any further proceedings pointless." *Williams v. Apfel,* 204 F.3d 48, 50 (2d Cir. 1999).

## III.    ANALYSIS

Both sides agree that the ALJ improperly evaluated the opinions of Herbert Duvivier, M.D., and Omar Chohan, DO.  *See* Docket Item 9-1 at 11, Docket Item 15-1 at 3.  Because both sides also agree that remand therefore is required, the only issue for this Court is whether remand for further administrative proceedings or remand for calculation of benefits is the appropriate remedy.[6]

"A remand to calculate benefits is [appropriate] in rare cases where the record provides persuasive proof of disability and remand for further proceedings serves no purpose." *Melanie V. v. Comm'r of Soc. Sec.,* 2024 WL 3337924, at *3 (W.D.N.Y. Jul. 9, 2024) (citing *Estrella,* 925 F.3d at 98 n.3).  Some courts have remanded for calculation of benefits when the medical records demonstrate a claimant's disability and there is no evidence to the contrary.  *See, e.g., Demars v. Comm'r of Soc. Sec.,* 841 F. App'x 258, 262-63 (2d Cir. 2021); *Peteroy v. Comm'r of Soc. Sec.,* 2022 WL 16699473, at *1-2 (E.D.N.Y. Nov. 3, 2022); *Harbot v. Berryhill,* 335 F. Supp.3d 382, 388 (W.D.N.Y.

---

F.3d 409, 418 (2d Cir. 2013)).  "At both steps, the ALJ must 'give good reasons in [the] notice of determination or decision of the weight [the ALJ] gives the treating source's medical opinion.'"  *Id.* at 96 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)).

Here, the ALJ erred by evaluating the evidence under the framework in 20 C.F.R. § 416.920c and not following the treating physician rule.

[6] "42 U.S.C. § 405(g) authorizes a court to enter judgment affirming, modifying, or reversing the Commissioner's decision with or without remanding the cause for rehearing."  *VanValkenburg v. Astrue,* 2010 WL 455489, at *1 (W.D.N.Y. Feb. 4, 2010).

2018).  "Remand for additional proceedings [is] appropriate," on the other hand, "'where there are gaps in the administrative record or the ALJ has applied an improper legal standard.'"  *Ben v. Berryhill,* 2019 WL 1447892, at *4 (S.D.N.Y. Mar. 19, 2019) (quoting *Rivera v. Barnhart,* 423 F. Supp. 2d 271, 277 (S.D.N.Y. 2006)); *see also Frank K. v. Comm'r of Soc. Sec.,* 371 F. Supp. 3d 163, 174 (D. Vt. 2019) ("Courts typically remand social security disability cases for further development of the evidence when there are gaps in the administrative record or when the ALJ has applied an improper legal standard.") (internal quotation marks and citations omitted).

On October 14, 2019, Dr. Duvivier opined that because Jose "has postphlebitic syndrome which can be exacerbated by long periods of sitting," Jose should be "considered permanently disabled."  Docket Item 5 at 1151-52.  About a month later, Dr. Duvivier completed a physical RFC questionnaire and opined that Jose would "constantly" experience pain or other symptoms severe enough to interfere with attention and concentration needed to perform even simple work tasks.  *Id.* at 1156.  In that questionnaire, Dr. Duvivier listed Jose's prognosis as "[p]ermanently disabled," *id.* at 1155,[7] and he opined that Jose was incapable of even low stress jobs, could rarely lift ten pounds, would be absent from work more than four days per month, and could not sustain full-time employment at any exertional level, *id.* at 1156-59.  In other words, Dr. Duvivier appears to believe that Jose is incapable of working.

---

[7] The Commissioner refers to Dr. Duvivier as one of Jose's treating physicians, Docket Item 15-1 at 3, but given Dr. Duvivier's limited interaction with Jose, that may not be accurate, *see Drake v. Saul,* 839 F. App'x 584, 586 n.3 (2d Cir. 2020) (physician who saw plaintiff only once and supervised procedures performed by a nurse practitioner did not have "ongoing treatment relationship" sufficient to be considered treating physician).

On February 20, 2021, Dr. Chohan completed a physical RFC questionnaire, noting that he had seen Jose twice a month for the last six months and listing his prognosis as "good." Docket Item 6 at 219-21. Dr. Chohan found that Jose could sit and stand for 45 minutes at a time but would require an unscheduled thirty-minute break every hour. *Id.* at 220. Dr. Chohan opined that Jose's legs needed to be elevated at chest height for 80% of the workday and that Jose would be absent from work more than four days each month. *Id.* at 221. So Dr. Chohan seems to agree with Dr. Duvivier about Jose's ability to work.

On July 16, 2022, a consulting physician, John Schwab, D.O., examined Jose. *Id.* at 761-64. Based on that exam, Dr. Schwab found that Jose's gait was normal; that he did not appear to be in acute distress; and that he could walk on his heels and toes and rise from the chair without difficulty. *Id.* at 762. In fact, Dr. Schwab's examination yielded largely normal results. *See id.* at 762-63. Dr. Schwab opined that Jose had a marked restriction in prolonged sitting and standing, but he did not opine further about Jose's ability to perform work-related activities. *See id.* at 763.

Jose argues that the opinions of Drs. Chohan, Duvivier, and Schwab, "if properly credited, would support only a finding of disability"; for that reason, he says, "remand for calculation of benefits is warranted." Docket Item 9-1 at 18.[8] In support of his

---

[8] Jose argues that the ALJ committed an error identical to the one requiring remand in *Pansini v. Kijakazi,* 2021 WL 4478655, at *2 (E.D.N.Y. Sep. 30, 2021). *See* Docket Item 9-1 at 10, 18-19. In *Pansini,* the court determined that remanding for "further proceedings would serve no purpose" because the record "is replete with evidence of Pansini's disability, including, most importantly, medical opinions entitled to controlling weight." 2021 WL 4478655, at *2. Moreover, the court reasoned that "[t]he ALJ seized upon the opinion of a physician who had never even examined Pansini to contradict the opinions of her longtime treating physicians." *Id.* The court concluded that "[o]nce appropriate weight is accorded to the medical opinion in this case, a finding

argument, Jose cites the vocational expert's testimony that a person who will be off task 15% of the time, absent from work more than once a month, or required to have his legs elevated at chest height would be precluded from working. *See* Docket Item 17 at 2-3 (citing Docket Item 5 at 1008-1009).[9]

But Jose's characterization of the opinion evidence is simply inaccurate. And for that reason, this Court agrees with the Commissioner that remand for further proceedings—and not solely for calculation of benefits—is the appropriate remedy. *Dinorah R.P. v. Comm'r of Soc. Sec.,* 2024 WL 3409857, at *3 (S.D.N.Y. Jul. 13, 2024) ("'When there are gaps in the administrative record or the ALJ has applied an improper legal standard,' or when the ALJ's rationale is unclear, remand 'for further development of the evidence' or for an explanation of the ALJ's reasoning is warranted." (citing *Pratts v. Chater,* 94 F.3d 34, 39 (2d Cir. 1996)); *Rua-Campusano v. Kijakazi,* 2021 WL 7287628, at *13 (S.D.N.Y. Dec. 10, 2021) (remanding for further proceedings where the ALJ did not properly apply post-2017 regulations), *report and recommendation adopted,* 2022 WL 493390 (S.D.N.Y. Feb. 17, 2022); *Dempsey v. Comm'r of Soc. Sec.,* 2020 WL 6047344, at *2 (E.D.N.Y. Oct. 13, 2020) (remanding for further proceedings "[b]ecause the ALJ's error related to proper application of the regulations").

---

of disability as of the alleged onset date is inevitable." *Id.* Here, on the other hand, the evidence is not as clear, and this Court cannot conclude that a finding of disability is inevitable. And here, the Court cannot determine which "medical opinions [are] entitled to controlling weight." *Id.* So contrary to Jose's assertion, *Pansini* is inapposite.

[9] In response to questions posed by Jose's attorney about the tolerance for off-task time, absenteeism and the employability of someone who needed to elevate his legs to chest height, the vocational expert answered based on her "professional experience." Docket Item 5 at 1008-1009.

First, while Jose tries to conflate all three opinions to his benefit, Dr. Schwab's opinion does not include the findings on which Jose relies. For example, Dr. Schwab does not say that Jose will be off task 15% of the time, or absent from work more than once a month, or required to have his legs elevated at chest height at work. *Compare* Docket Item 6 at 762-63 (Dr. Schwab's opinion), with Docket Item 9-1 at 18 (Jose's assertion that Dr. Schwab agreed with the opinions of Drs. Duvivier and Chohan). On the contrary, Dr. Schwab's exam resulted in largely normal findings, and Dr. Schwab did not opine about significant restrictions other than prolonged sitting and standing. Docket Item 6 at 762-63.

Of course, the ALJ may well choose to give greater weight to the opinions of the treating physicians once he evaluates them appropriately. But the ALJ should have the chance to make that determination. And Dr. Schwab's restrictions on prolonged sitting and standing might still result in a finding that Jose is disabled, especially when combined with the other findings. But without the input of a vocational expert on those specific restrictions, this Court cannot say that for sure.

What is more, Jose's testimony about his activities of daily living add to this Court's questions about whether he is disabled. More specifically, Jose testified that he could lift between seventy and eighty pounds, sit and stand for twenty minutes at a time, and carry a 25-pound bag of dog food from the store to his car. Docket Item 5 at 997-1000. This testimony, combined with Jose's function report noting that he prepares meals daily, performs light housework, and has no issues with personal care, *id.* at 205-10, leaves an open question as to what weight the ALJ may afford to Dr. Schwab's opinion as opposed to the opinions of Drs. Duvivier and Chohan.

So Jose's own testimony, together with Dr. Schwab's findings, may result in the ALJ assigning less-than-controlling weight to the opinions of Drs. Duvivier and Chohan.[10]  *See Guerra v. Saul,* 778 F. App'x 75, 77 (2d Cir. 2019) ("Supported by ample treatment notes, physical examination findings, and [plaintiff's] testimony, the ALJ's assignment of less than controlling weight to [plaintiff's] treating physician's opinions was not in error."); *Rusin v. Berryhill,* 726 F. App'x 837, 839 (2d Cir. 2018) (no error in declining to afford controlling weight to plaintiff's treating physician when it was inconsistent with his treatment notes and plaintiff's reported activities of daily living); *Marthe v. Colvin,* 2016 WL 3514126, at *10 (W.D.N.Y. Jun. 28, 2016) (declining to remand for calculation of benefits where the Commissioner "pointed to evidence in the record that might have supported the ALJ's rejection of [the claimant's treating physician opinions], such as [p]laintiff's own testimony concerning her abilities and limitations, [and] the doctors' treatment notes").

All this is not to say that Jose is not disabled; in fact, the record certainly suggests that he is.  But it is not the province of this Court to make that decision when the record raises questions; on the contrary, "[g]enuine conflicts in the medical evidence are for the [C]ommissioner to resolve."  *See Veino v. Barnhnart,* 312 F.3d 578, 588 (2d Cir. 2002); *see also Mack v. Comm'r of Soc. Sec.,* 2021 WL 3684081, at *9 (S.D.N.Y.

---

[10] Jose points to the delay he has experienced in these proceedings to support his argument that a calculation of benefits is the appropriate remedy.  Docket Item 17 at 6.  But "[t]he mere fact that a remand for additional proceedings will delay the ultimate resolution of a plaintiff's claim is not a proper basis for remand solely for the calculation of benefits."  *Ben,* 2019 WL 1447892, at *4 (internal citations omitted).  "While the [c]ourt is sympathetic to [Jose's] desire for a resolution, it cannot conclude on the record before it that further proceedings would serve no purpose."  *Appling v. Comm'r of Soc. Sec.,* 2022 WL 3594574, at *9 (S.D.N.Y. Aug. 23, 2022).

11

Jul. 26, 2021) ("The Commissioner, not the [c]ourt, resolves evidentiary conflicts and appraises the credibility of witnesses, including the claimant.") (quotations omitted).

In sum, contrary to Jose's assertion that "[f]urther administrative proceedings in this case would serve no purpose," Docket Item 17 at 5, the "conflicting medical evidence" makes "remand simply for the calculation of benefits . . . unwarranted," *see Newell v. Saul,* 2021 WL 608991, at *23 (S.D.N.Y. Feb. 17, 2021) (internal alterations and citations omitted).  *See also Lloyd v. Comm'r of Soc Sec.,* 335 F. Supp. 3d 472, 481 (W.D.N.Y. 2018) ("While the ALJ did not articulate good reasons for declining to afford Dr. Gosy's opinion controlling weight, because of these conflicts in the medical evidence, the [c]ourt cannot conclude on the record before it that no such reasons could potentially exist.  The [c]ourt therefore cannot remand solely for calculation and payment of benefits, and further administrative proceedings are necessary.") (citation omitted); *Azeez v. Astrue,* 2012 WL 959401, at *9 (E.D.N.Y. Mar. 21, 2012) (declining to remand solely for calculation of benefits where "the ALJ must properly weigh the treating physicians' opinions before a clear conclusion can emerge"). Stated another way, because the question of whether Jose was disabled is not conclusively resolved by the record, this Court remands for further proceedings, rather than for calculation of benefits.  *Giddings v. Astrue,* 333 F. App'x 649, 655 (2d Cir. 2009) ("[A] decision to reverse and direct an award for benefits should be made only when . . . substantial evidence on the record as a whole indicates that the [c]laimant is disabled an entitled to benefits.") (citations omitted).

## **CONCLUSION**

For the foregoing reasons, Jose's motion, Docket Item 9, is GRANTED insofar as it requests remand for further proceedings and DENIED insofar as it requests remand solely for calculation of benefits.  The Commissioner's motion for remand for further proceedings, Docket Item 15, is GRANTED.  The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.


SO ORDERED.

Dated:         May 15, 2025
               Buffalo, New York


*Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE